

<div style="text-align:right">November 24, 2021</div>

Hon. Robert M. Levy, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

By Electronic Filing.

    Re:    Case No. 21-cv-04821, Cohen et al. v City of New York, et al.

Dear Judge Levy:

    My firm represents the Plaintiff in the case named above. I write because Defendants refused to follow this Court's rules requiring a statement of "whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent." in their motion for an extension.

    We provided our position to Defendants before they filed. Defendants indicated they did not intend to include our position, but only a summary of it. We reminded them of the relevant Individual Rule, and clarified that the position we provided *was* the "reasons given by the adversary." Defendants still refused to include Plaintiffs' position, and filed the letter without further communication. Given that, we now need to file this letter to offer the full position:

> Defendants have already had one, 60-day extension, so they could have "time to request and obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure." *But see, Martinez v. City of N.Y.*, No. 16 CV 79 (AMD) (CLP), 2018 U.S. Dist. LEXIS 13409, at *86 n.21 (E.D.N.Y. Jan. 24, 2018) ("question[ing]" the "good faith of the City's routine requests for additional time to answer," given the apparent lack of information gathered during the extension given). The request keys the date for all Defendants to answer to when Plaintiffs serve Officer Marquez.
>
> Plaintiffs would generally consent to the extension, but they also need work to identify Does and to serve an officer whose address they do not have -- both before a quickly approaching deadline. But Defendants are seeking an indefinite extension because they are apparently unable to commit to *any* date certain to produce Officer Marquez's address. For the Doe officers, relevant New York State Law claims have a statute of limitations that expires in February -- and Plaintiffs must identify and name Does by then. Both of these need a firm deadline.
>
> Thus, Plaintiffs ask that the Court order (1) a date certain (Plaintiffs suggest 5 business days) by which Defendants must produce Officer Marquez's address and (2) a date certain for a status report on Defendants' efforts to identify Doe Defendants.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Case 1:21-cv-04821-AMD-RML   Document 19   Filed 11/24/21   Page 2 of 2 PageID #: 76



  Because Defendants have refused to comply with this Court's Rules, it might ordinarily be appropriate to strike the motion altogether. That said, the Court now has the positions, along with (most importantly) Plaintiff's alternative request for relief: a request that the Court put a firm date on any extension, rather than leaving it indefinite.

  I thank the Court for its time and consideration, and wish the Court a pleasant and warm holiday.

<div style="text-align:right">

Respectfully submitted,

/s/
_____

J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

</div>

cc:
All relevant parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com