

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |

December 13, 2021

**VIA ECF**
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Justin Cohen and Kyala Schenck v. City of New York, et al.*,
                21-CV-4821 (AMD) (RML)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants City of New York (the "City"), Mayor Bill de Blasio, NYPD Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officers Adnan Hussain and Thomas Demery, in the above-referenced matter. Pursuant to the Court's November 29, 2021 Order, I write to provide a detailed status report as to the identities of the John Doe defendants ("Does").

      **I.**    **Relevant Allegations in the Complaint**

        The complaint names "NYPD Members John and Jane Does 1-14." (Docket Entry No. 6) However, the complaint only alleges physical descriptions of two of the 14 Does. It alleges that "Doe 1 appeared to be a white male in a blue NYPD uniform," and that "Doe 2 appeared to be a Black male in a blue NYPD uniform." (*Id.* at ¶ 6) It also groups the Does as follows: "John Does 1-5 are collectively referred to as the 'Cohen Defendants,'" (*id.*), and "John Does 11-14 are collectively referred to as the 'Schenck Defendants.'" (*Id.* at ¶ 7) The complaint contains no allegations, references, or descriptions as to Does 6–10. Beyond those descriptions and groupings, the remaining paragraphs that reference individual Does or groups of Does allege that they took certain actions. (*Id.* at ¶¶ 38–41, 43, 52–59)

      **II.**    **Defendants' Investigation**

        As part of defendants' ongoing investigation into the identities of the Does, this Office has reviewed available documents and information concerning the May 30, 2020 protest in

Brooklyn near the intersections of Church Avenue with both 31st Street and Bedford Avenue. Defendants' counsel reviewed photographs, videos, and NYPD documents related to other matters and cross-referenced the dates, times, and locations of each with those alleged in the complaint. This Office will continue to review additional documents upon receipt from the NYPD.

Defendants' counsel also reviewed the testimony of each plaintiff during their hearings pursuant to General Municipal Law 50-h. At those hearings, both plaintiffs testify that they observed multiple police officers on May 30, 2020. Mr. Cohen testified that video footage he took on his cell phone shows uniformed and non-uniformed NYPD officers. Ms. Schenck testified that she observed three male officers and described her arresting officer as being "taller" but "under six feet," with "[l]ight to medium brown hair, a pointier nose, around 200 plus pounds, [and] white skin," and wearing a blue shirt.

During a phone conversation with plaintiffs' counsel on November 18, 2021, the undersigned requested any additional, descriptive information that plaintiffs can provide regarding any of the Does. On December 8, 2021, the undersigned followed up on that request via e-mail. To date, plaintiffs' counsel has yet to provide any additional information.

### III.     Identification of Does[1]

As of this writing, defendants have not identified any Doe matching the very vague descriptions alleged by plaintiffs in the complaint. Given the general nature of the descriptions alleged (*see, e.g.*, Compl. at ¶ 6) (describing Does 1 and 2 as a "white male" and a "Black male," respectively, in "blue NYPD uniform[s]") and the number of NYPD officers present in the vicinity of where plaintiffs allege the incidents occurred, this Office has not been able to identify officers matching those descriptions. As to Does 3–5 and 11–14, defendants have not identified any officers who took or may have taken the actions attributed to those Does by plaintiffs' allegations in the complaint. (*See generally id.* at ¶¶ 38–41, 43, 52–59) (alleging that individual Does or groups of Does took certain actions).

Notwithstanding the above, defendants identify Police Officer Michael Haber, Shield No. 11401, Tax ID 955967. Upon information and belief, PO Haber observed the behavior of plaintiff Kyala Schenck prior to her arrest by another officer. PO Haber's service address is:

> Police Officer Michael Haber
> Attn: Chief Crime Control Strategies
> One Police Plaza
> New York, New York 10038

---

[1] The statements in this letter constitute neither admissions nor denials as to any of the allegations in the complaint. Defendants reserve the right to respond to each allegation in the complaint when they file their responsive pleading.

Defendants will promptly supplement this letter as additional information becomes available that allows for the identification of Does.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)