UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

JUSTIN COHEN AND KYALA SCHENCK,

                               Plaintiffs,

                 -against-

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA; NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN; NYPD OFFICER
THOMAS DEMERY; NYPD OFFICER MIGUEL
MARQUEZ; NYPD OFFICER ADNAN HUSSAIN; NYPD
OFFICER MICHAEL HABER and NYPD MEMBERS
JOHN AND JANE DOES 1-14,

                               Defendants.
--------------------------------------------------------------------------- x

**ANSWER TO FIRST
AMENDED COMPLAINT**

21-CV-4821 (AMD) (RML)

JURY TRIAL DEMANDED

          Defendants City of New York ("City"), former Mayor Bill de Blasio, former NYPD

Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, PO Adnan

Hussain, PO Thomas Demery, PO Michael Haber, and former PO Miguel Marquez, by their

attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for

their answer to the first amended complaint, respectfully alleges as follows:

          1.       Deny knowledge or information sufficient to form a belief as to the allegations set

forth in paragraph "1" of the first amended complaint.

          2.       Deny the allegations set forth in paragraph "2" of the first amended complaint,

except admit only that the City of New York is a municipal corporation organized under the laws

of the State of New York and that it maintains a police department, and state that the remaining

allegations set forth therein constitute conclusions of law to which no response is required.

3.     Deny the allegations set forth in paragraph "3" of the first amended complaint, except admit only that Bill de Blasio was the Mayor of New York City on May 30, 2020 and that plaintiffs purport to proceed against him as set forth therein.

4.     Deny the allegations set forth in paragraph "4" of the first amended complaint, except admit only that Dermot Shea was the Commissioner of the New York City Police Commissioner on May 30, 2020 and that plaintiffs purport to proceed against him as set forth therein.

5.     Deny the allegations set forth in paragraph "5" of the first amended complaint, except admit only that Terence Monahan was the NYPD Chief of Department on May 30, 2020 and that plaintiffs purport to proceed against him as set forth therein.

6.     Deny the allegations set forth in paragraph "6" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein, that, on May 30, 2020 Thomas Demery was a NYPD Police Officer assigned to the Critical Response Command, that his shield number was 19181 and tax identification number was 952665; that, on May 30, 2020, Miguel Marquez was a NYPD Police Officer, and that his tax identification number was 959790; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning NYPD members John Does 1–5.

7.     Deny the allegations set forth in paragraph "7" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein, that, on May 30, 2020, Adnan Hussain was a NYPD Police Officer whose shield number was 333 and tax identification number was 961531; that, on May 30, 2020, Michael Haber was a NYPD Police Officer whose shield number was 11401 and tax identification number was 95567; and deny knowledge or information

sufficient to form a belief as to the truth of the allegations concerning NYPD members John Does 11–14.

8.   Deny the allegations set forth in paragraph "8" of the first amended complaint.

9.   State that the allegations set forth in paragraph "9" of the first amended complaint are legal conclusions as to which no response is required, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what information is currently unknown to plaintiffs.

10.   State that the allegations set forth in paragraph "10" of the first amended complaint are legal conclusions as to which no response is required.

11.   State that the allegations set forth in paragraph "11" of the first amended complaint are legal conclusions as to which no response is required.

12.   State that the allegations set forth in paragraph "12" of the first amended complaint are legal conclusions as to which no response is required.

13.   Deny the allegations set forth in paragraph "13" of the first amended complaint.

14.   Deny the allegations set forth in paragraph "14" of the first amended complaint.

15.   Object to and deny the embedded assertion that any of the defendants or any other member of the NYPD engaged in any behavior such that a duty to intervene was imposed on any other member of the NYPD, and deny the allegations set forth in paragraph "15" of the first amended complaint.

16.   Deny the allegations set forth in paragraph "16" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein.

17.   Deny the allegations set forth in paragraph "17" of the first amended complaint, except admit only that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

18.     Deny the allegations set forth in paragraph "18" of the first amended complaint, except admit only that plaintiffs purport to lay venue as set forth therein.

19.     Deny the allegations set forth in paragraph "19" of the first amended complaint, except admit only that a document purporting to be a Notice of Claim from plaintiff Cohen was received by the Comptroller's Office on or about September 3, 2020, and that a document purporting to be a Notice of Claim from plaintiff Schenck was received by the Comptroller's Office on or about November 3, 2020.

20.     Deny the allegations set forth in paragraph "20" of the first amended complaint, except admit only that plaintiffs' purported Notices of Claim have not been adjusted.

21.     Deny the allegations set forth in paragraph "21" of the first amended complaint, except admit that this action was filed on August 26, 2021.

22.     Deny the allegation that "police," in the collective, killed George Floyd; deny knowledge or information sufficient to form a belief as to the truth of remaining allegations set forth in paragraph "22" of the first amended complaint, except admit only that in the summer of 2020, protests against police occurred in New York City.

23.     Deny the allegations set forth in paragraph "23" of the first amended complaint, except admit only that the COVID-19 pandemic was ongoing in the summer of 2020.

24.     Deny the allegations set forth in paragraph "24" of the first amended complaint.

25.     Deny the allegations set forth in paragraph "25" of the first amended complaint.

26.     Deny the allegations set forth in paragraph "26" of the first amended complaint.

27.     Deny the allegations set forth in paragraph "27" of the first amended complaint.

28.     Deny the allegations set forth in paragraph "28" of the first amended complaint, except admit only that the COVID-19 pandemic was ongoing in the summer of 2020.

29.     Admit only that, in April 2020, then-Governor Cuomo mandated persons appearing in public to wear masks.

30.     Deny the allegations set forth in paragraph "30" of the first amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the first amended complaint.

32.     Admit only that plaintiffs purport to incorporate by reference the reports referenced in paragraph "32" of the first amended complaint, and deny the remaining allegations set forth therein.

33.     Deny the allegations set forth in paragraph "33" of the first amended complaint, except admit only that plaintiffs purport to incorporate by reference the factual allegations of cases cited therein.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

34.     Deny the allegations set forth in paragraph "34" of the first amended complaint, except admit only that plaintiffs purport to incorporate by reference the factual allegations of cases cited therein. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

35.     Deny the allegations set forth in paragraph "35" of the first amended complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the first amended complaint, but deny that Cohen was, at all times, acting lawfully on May 30, 2020.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the first amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the first amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the first amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the first amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the first amended complaint.

42.     Deny the allegations set forth in paragraph "42" of the first amended complaint, except admit only that PO Demery removed plaintiff Cohen's handcuffs and applied a different pair of handcuffs.

43.     Deny the allegations set forth in paragraph "43" of the first amended complaint.

44.     Deny the allegations set forth in paragraph "44" of the first amended complaint, except admit only that Cohen was transported to 1 Police Plaza pursuant to a lawful arrest.

45.     Deny the allegations set forth in paragraph "45" of the first amended complaint, except admit only that Cohen was issued a summons and released from custody in the early morning hours of May 31, 2020.

46.     Admit the allegations set forth in paragraph "46" of the first amended complaint.

47.     State that the allegations set forth in paragraph "47" of the first amended complaint are legal conclusions to which no response is required, except admit only that, upon information and belief, the criminal proceeding against Cohen was dismissed.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the first amended complaint, except deny that Schenck was, at all times, acting lawfully on May 30, 2020.

49.     Deny the allegations set forth in paragraph "49" of the first amended complaint.

50.     Deny the allegations set forth in paragraph "50" of the first amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the first amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the first amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the first amended complaint, except admit only, upon information and belief, that Schenck was handcuffed pursuant to a lawful arrest.

54.     Deny the allegations set forth in paragraph "54" of the first amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the first amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the first amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the first amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the first amended complaint, and state that any handcuffing of Schenck was pursuant to a lawful arrest.

59.     Deny the allegations set forth in paragraph "59" of the first amended complaint, except admit only that plaintiff Schenck's metal handcuffs were replaced with plastic handcuffs.

60.     Deny the allegations set forth in paragraph "60" of the first amended complaint, except admit only, upon information and belief, that Schenck was transported to 1 Police Plaza pursuant to a lawful arrest.

61.     Admit only that Schenck was released from custody in the early morning hours of May 31, 2020 and issued a desk appearance ticket.

62.     Admit, upon information and belief, the allegations set forth in paragraph "62" of the first amended complaint.

63.     Object to and deny the embedded assertion that the NYPD's response to the May 30, 2020 protests were violent, and state that the remaining allegations set forth in paragraph "63" of the first amended complaint are too vague to provide an informed response.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the first amended complaint, except admit only, upon information and belief, that a demonstration was held on July 20, 2020 in Brooklyn.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the first amended complaint, except admit only, upon information and belief, that a demonstration was held on July 13, 2020 in Brooklyn.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the first amended complaint, except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the first amended complaint, except admit only, upon information and belief, that a demonstration was held on October 25, 2020.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the first amended complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the first amended complaint.

70.     Deny the allegations set forth in paragraph "70" of the first amended complaint and all its subsections.

71.     Deny the allegations set forth in paragraph "71" of the first amended complaint.

72.     Deny the allegations set forth in paragraph "72" of the first amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the first amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the first amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the first amended complaint.

76.     Deny the allegations set forth in paragraph "76" of the first amended complaint

77.     Deny the allegations set forth in paragraph "77" of the first amended complaint.

78.     Deny the allegations set forth in paragraph "78" of the first amended complaint.

79.     State the paragraph "79" of the first amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the extent a response is required, deny the allegations set forth in paragraph "79" of the first amended complaint and its 18 subparts, and respectfully refer the Court to the docket sheets of the cases referenced therein for a complete and accurate statement of the court opinions and/or dicta referenced therein.

80.     Deny the allegations set forth in paragraph "80" of the first amended complaint.

81.     Deny the allegations set forth in paragraph "81" of the first amended complaint.

82.     Deny the allegations set forth in paragraph "82" of the first amended complaint.

83.    Deny the allegations set forth in paragraph "83" of the first amended complaint.

84.    Deny the allegations set forth in paragraph "84" of the first amended complaint.

85.    Deny the allegations set forth in paragraph "85" of the first amended complaint.

86.    Deny the allegations set forth in paragraph "86" of the first amended complaint.

87.    Deny the allegations set forth in paragraph "87" of the first amended complaint.

88.    Deny the allegations set forth in paragraph "88" of the first amended complaint.

89.    Deny the allegations set forth in paragraph "89" of the first amended complaint.

89(a).  State that the allegations set forth in paragraph "438"[1] of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent an answer is required, deny the allegations set forth therein.

90.    Deny the allegations set forth in paragraph "90" of the first amended complaint.

91.    Deny the allegations set forth in paragraph "91" of the first amended complaint.

92.    Admit only that SRG has a unit in each borough, and deny the remaining allegations set forth in paragraph "92" of the first amended complaint.

93.    Deny the allegations set forth in paragraph "93" of the first amended complaint.

94.    Deny the allegations set forth in paragraph "94" of the first amended complaint.

95.    Deny the allegations set forth in paragraph "95" of the first amended complaint. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits

---

[1] This paragraph, which should be numbered as paragraph "90," has been misnumbered in the complaint as "438"; instead of adopting that error, defendants have numbered their response to this paragraph as "89(a)" and thereafter continue to sequentially number their responses to subsequent paragraphs.

did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

96. Deny the allegations set forth in paragraph "96" of the first amended complaint, except admit only that all members of the NYPD are required to attend training each year.

97. Deny the allegations set forth in paragraph "97" of the first amended complaint.

98. Deny the allegations set forth in paragraph "98" of the first amended complaint.

99. Deny the allegations set forth in paragraph "99" of the first amended complaint.

100. Deny the allegations set forth in paragraph "100" of the first amended complaint.

101. Deny the allegations set forth in paragraph "101" of the first amended complaint.

102. Deny the allegations set forth in paragraph "102" of the first amended complaint. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

103. Deny the allegations set forth in paragraph "103" of the first amended complaint.

104. Deny the allegations set forth in paragraph "104" of the first amended complaint.

105. Deny the allegations set forth in paragraph "105" of the first amended complaint.

106. Deny the allegations set forth in paragraph "106" of the first amended complaint.

107. Deny the allegations set forth in paragraph "107" of the first amended complaint.

108. Plaintiffs have failed to provide a citation to the purported testimony of a purported unidentified witness for the City of New York and, as such, defendants cannot respond to the allegations set forth in paragraph "108" of the first amended complaint. To the extent a response is required, deny the allegations therein, and further state that "mere citations to lawsuits, even if

they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

109.    Deny the allegations set forth in paragraph "109" of the first amended complaint.

110.    Plaintiffs have failed to provide a citation to the purported testimony of a purported, unidentified 30(b)(6) unidentified witness in an unspecified case and, as such, defendants cannot respond to the allegations set forth in paragraph "110" of the first amended complaint.  To the extent a response is required, deny the allegations therein.

111.    Deny the allegations set forth in paragraph "111" of the first amended complaint.

112.    Deny the allegations set forth in paragraph "112" of the first amended complaint.

113.    Deny the allegations set forth in paragraph "113" of the first amended complaint.

114.    Deny the allegations set forth in paragraph "114" of the first amended complaint.

115.    Deny the allegations set forth in paragraph "115" of the first amended complaint.

116.    Deny the allegations set forth in paragraph "116" of the first amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the first amended complaint.

118.    Deny the allegations set forth in paragraph "118" of the first amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the first amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the first amended complaint.

121.    Deny the allegations set forth in paragraph "121" of the first amended complaint.

122.    Deny the allegations set forth in paragraph "122" of the first amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the first amended complaint.

124.    Deny the allegations set forth in paragraph "124" of the first amended complaint.

125.    Deny the allegations set forth in paragraph "125" of the first amended complaint.

126.    Deny the allegations set forth in paragraph "126" of the first amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the first amended complaint.

128.    Deny the allegations set forth in paragraph "128" of the first amended complaint.

129.    Deny the allegations set forth in paragraph "129" of the first amended complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the first amended complaint, except admit only that certain public health orders were in place during the COVID-19 pandemic.

131.    Deny the allegations set forth in paragraph "131" of the first amended complaint.

132.    Deny the allegations set forth in paragraph "132" of the first amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the first amended complaint.

134.    Deny the allegations set forth in paragraph "134" of the first amended complaint.

135.    Deny the allegations set forth in paragraph "135" of the first amended complaint.

136.    Deny the allegations set forth in paragraph "136" of the first amended complaint.

137.    Deny the allegations set forth in paragraph "137" of the first amended complaint.

138.    Deny the allegations set forth in paragraph "138" of the first amended complaint.

139.    Deny the allegations set forth in paragraph "139" of the first amended complaint.

140.    Deny the allegations set forth in paragraph "140" of the first amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the first amended complaint.

142.    Admit the allegations set forth in paragraph "142" of the first amended complaint.

143.    Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "143" of the first amended complaint.

144.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "144" of the first amended complaint.

145.     Admit the allegations set forth in paragraph "145" of the first amended complaint.

146.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "146" of the first amended complaint and respectfully refer the Court to the referenced report.

147.     Deny the allegations set forth in paragraph "147" of the first amended complaint and respectfully refer the Court to the referenced report.

148.     Deny the allegations set forth in paragraph "148" of the first amended complaint and respectfully refer the Court to the referenced report.

149.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "149" of the first amended complaint.

150.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "150" of the first amended complaint, except deny the NYPD engaged in activity violative of the First Amendment.

151.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "151" of the first amended complaint and respectfully refer the Court to the referenced report.

152.     Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "152" of the first amended complaint and respectfully refer the Court to the referenced report.

153.   Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "153" of the first amended complaint and respectfully refer the Court to the referenced report.

154.   Deny knowledge or information sufficient to respond to the allegations set forth in paragraph "154" of the first amended complaint and respectfully refer the Court to the referenced report.

155.   Deny the allegations set forth in paragraph "155" of the first amended complaint.

156.   In response to the allegations set forth in paragraph "156" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

157.   Deny the allegations set forth in paragraph "157" of the first amended complaint.

158.   Deny the allegations set forth in paragraph "158"  of the first amended complaint.

159.   Deny the allegations set forth in paragraph "159" of the first amended complaint.

160.   Deny the allegations set forth in paragraph "160" of the first amended complaint.

161.   Deny the allegations set forth in paragraph "161" of the first amended complaint.

162.   In response to the allegations set forth in paragraph "162" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

163.   Deny the allegations set forth in paragraph "163" of the first amended complaint.

164.   Deny the allegations set forth in paragraph "164" of the first amended complaint.

165.   Deny the allegations set forth in paragraph "165" of the first amended complaint.

166.    In response to the allegations set forth in paragraph "166" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

167.    Deny the allegations set forth in paragraph "167" of the first amended complaint.

168.    State that paragraph "168" of the first amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

169.    Deny the allegations set forth in paragraph "169" of the first amended complaint.

170.    Deny the allegations set forth in paragraph "170" of the first amended complaint.

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint.

172.    Deny the allegations set forth in paragraph "172" of the first amended complaint.

173.    Deny the allegations set forth in paragraph "173" of the first amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the first amended complaint.

175.    Deny the allegations set forth in paragraph "175" of the first amended complaint.

176.    Deny the allegations set forth in paragraph "176" of the first amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the first amended complaint.

178.    Deny the allegations set forth in paragraph "178" of the first amended complaint.

179.    Deny the allegations set forth in paragraph "179" of the first amended complaint.

180.    Deny the allegations set forth in paragraph "180" of the first amended complaint.

181.    Deny the allegations set forth in paragraph "181" of the first amended complaint.

182.    Deny the allegations set forth in paragraph "182" of the first amended complaint.

183.    Deny the allegations set forth in paragraph "183" of the first amended complaint.

184.    Deny the allegations set forth in paragraph "184" of the first amended complaint.

185.     In response to the allegations set forth in paragraph "185" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

186.     Deny the allegations set forth in paragraph "186" of the first amended complaint.

187.     Deny the allegations set forth in paragraph "187" of the first amended complaint.

188.     Deny the allegations set forth in paragraph "188" of the first amended complaint.

189.     Deny the allegations set forth in paragraph "189" of the first amended complaint.

190.     In response to the allegations set forth in paragraph "190" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

191.     Deny the allegations set forth in paragraph "191" of the first amended complaint.

192.     Deny the allegations set forth in paragraph "192" of the first amended complaint.

193.     Deny the allegations set forth in paragraph "193" of the first amended complaint.

194.     Deny the allegations set forth in paragraph "194" of the first amended complaint.

195.     Deny the allegations set forth in paragraph "195" of the first amended complaint,

196.     In response to the allegations set forth in paragraph "196" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

197.     Deny the allegations set forth in paragraph "197" of the first amended complaint.

198.     Deny the allegations set forth in paragraph "198" of the first amended complaint.

199.     Deny the allegations set forth in paragraph "199" of the first amended complaint.

200.   In response to the allegations set forth in paragraph "200" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

201.   Deny the allegations set forth in paragraph "201" of the first amended complaint.

202.   Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.   Deny the allegations set forth in paragraph "203" of the first amended complaint.

204.   Deny the allegations set forth in paragraph "204" of the first amended complaint.

205.   Deny the allegations set forth in paragraph "205" of the first amended complaint.

206.   Deny the allegations set forth in paragraph "206" of the first amended complaint.

207.   Deny the allegations set forth in paragraph "207" of the first amended complaint.

208.   In response to the allegations set forth in paragraph "208" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

209.   Deny the allegations set forth in paragraph "209" of the first amended complaint.

210.   Deny the allegations set forth in paragraph "210" of the first amended complaint.

211.   Deny the allegations set forth in paragraph "211" of the first amended complaint.

212.   Deny the allegations set forth in paragraph "212" of the first amended complaint.

213.   In response to the allegations set forth in paragraph "213" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

214.   State that the allegations set forth in paragraph "214" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent an answer is required, deny the allegations set forth therein.

215.    State that the allegations set forth in paragraph "215" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent an answer is required, deny the allegations set forth therein.

216.    In response to the allegations set forth in paragraph "216" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

217.    Deny the allegations set forth in paragraph "217" of the first amended complaint.

218.    Deny the allegations set forth in paragraph "218" of the first amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the first amended complaint.

220.    Deny the allegations set forth in paragraph "220" of the first amended complaint.

221.    Deny the allegations set forth in paragraph "221" of the first amended complaint.

222.    Deny the allegations set forth in paragraph "222" of the first amended complaint.

223.    Deny the allegations set forth in paragraph "223" of the first amended complaint.

224.    Deny the allegations set forth in paragraph "224" of the first amended complaint.

225.    Deny the allegations set forth in paragraph "225" of the first amended complaint.

226.    Deny the allegations set forth in paragraph "226" of the first amended complaint.

227.    Deny the allegations set forth in paragraph "227" of the first amended complaint.

228.    Deny the allegations set forth in paragraph "228" of the first amended complaint.

229.    Deny the allegations set forth in paragraph "229" of the first amended complaint.

230.    Deny the allegations set forth in paragraph "230" of the first amended complaint.

## <u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE:</u>

231.    The first amended complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

232.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

233.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

234.   Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

235.   To the extent any force was used by the individual defendants, such force was reasonable, necessary, and justified.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

236.   Plaintiffs provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

237.   Plaintiffs failed to mitigate their alleged damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

238.   Plaintiffs' claims are barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

239.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

240.     Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

241.     Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

242.     Plaintiffs have failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

243.     At all times relevant to the acts alleged in the first amended complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability under New York common law on any alleged state law claims.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

244.     Punitive damages cannot be assessed against defendant City.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

245.     Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (i).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

246.    Neither defendants Mayor de Blasio, nor Commissioner Shea, nor Chief Monahan were personally involved in the specific incidents underlying plaintiffs' allegations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

247.    There was probable cause for each plaintiff's arrest, detention, and subsequent prosecution.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

248.    There was reasonable suspicion for each plaintiff's stop.

**WHEREFORE,** defendants respectfully request that the first amended complaint be dismissed in its entirety, that the Court enter judgment for defendants, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             April 12, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City, de Blasio, Shea, Monahan, Hussain, Demery, Marquez, and Haber*
100 Church Street, Room 3-154
New York, New York 10007
(212) 356-3541
jefrank@law.nyc.gov

By:    _____

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    All Counsel (via ECF)

- 22 -